[No. 24552. Department Two. December 12, 1933.]

WENATCHEE RECLAMATION DISTRICT, *Respondent,* v. N. D. TITCHENAL *et al., Appellants.*[1]

[1]Reported in 27 P. (2d) 734.

*A. N. Corbin,* for appellants.
*Crollard & O'Connor,* for respondent.

TOLMAN, J.—This is an appeal from several judgments in consolidated cases entered by the trial court, reversing and cancelling permits issued by the state supervisor of hydraulics authorizing the change of the use of irrigation water from lands to which the water was appurtenant to other lands, some within the same irrigation district and some without. The judgments also went further, and after reciting that the water was appurtenant to the particular tracts of land, provided that the land owners "have no right to the removal to or the use of said water on any other lands."

The record before us is very unsatisfactory. No statement of facts has been brought to this court, and aside from the findings of fact made by the trial court, we have in the transcript a stipulation as to certain facts and a mass of other more or less evidentiary matter with no means of knowing whether these matters were introduced in evidence and brought to the attention of the trial court, and no record whatever as to the oral testimony which was received. This being the state of the record, we are necessarily limited to the facts as found by the trial court, and must assume that the findings are fully supported by the evidence.

The trial court's findings as to appellants Titchenal, so far as now material, are:

"The Wenatchee Reclamation District is an irrigation district organized and existing under the laws of the state of Washington and maintains and operates a canal system through which irrigation water is

served to the lands comprised in said district. The respondents own land within said district for the irrigation of his lands and from which respondents seek to remove the water appurtenant thereto.

"The Wenatchee Reclamation District is the successor in title to the Wenatchee Canal Company, in the ownership of the water rights and canal system originally owned and constructed by the said canal company. The district acquired said water rights and irrigation system by deed from said canal company, and subject to all the outstanding contracts which had been made between said canal company and various landowners for water service to the several tracts of land constituting said irrigation project. Said district has, for fifteen years, maintained and operated said irrigation project, and delivered each contract holder the water supply contracted by its predecessor and the district has supplemented and increased the stipulated contract supply by improving and enlarging its system to supply the water requirements of the lands within the district. The water supply stipulated to be furnished under such contracts is not an adequate supply to irrigate the various lands in the district, and said district has increased and supplemented such contract supply to its respective landowners by improving its canal system and increasing the available supply, but said district has not so far increased such supply that it has either surplus or excess waters available above the needs of its project requirements.

"Respondents hold a water contract from the district's predecessor, Wenatchee Canal Company, and their lands are also supplied with the district's supplemental water supply. By the terms of said contract, the water service is appurtenant to the lands described therein and may be used on said lands only and may not be transferred to other lands.

"Respondents applied to the supervisor of hydraulics for leave to change the place of use of 2½ miner's inches of water now delivered from the district canal system under the said contract and district water supply to which the respondents are entitled; said petition asks the removal of such water from the lands to which it is appurtenant by the terms of said con-

tract and asked to transfer and change the use thereof to lands which are within the district boundaries. Appellant filed protest to such petition with the supervisor, setting out its grounds of object thereto and objecting to the jurisdiction of the supervisor to order and authorize such change. No hearing was had by the supervisor nor opportunity given appellant to present evidence under said protest and the supervisor granted respondent's petition and ordered that a permit issue transferring such place of use as petitioned.

"Appellant district has regularly appealed from said order of the supervisor of hydraulics and this cause has been heard on the merits, the appellant admitting that its board of directors has declined to permit respondents to transfer the use of said water to other lands and that, under its district regulations, governing the use and transfer of water, the place of use of this water would not be permitted to be changed from the lands to which it is now appurtenant.

"Appellant district has an outstanding bond issue of approximately $200,000, which is a lien on its water right and canal system. No consent was obtained from the holders of its bonds to exclusions of the lands from which such use of water is permitted to be changed by the order of the supervisor, and no petitions for exclusion of lands has been presented to the district board in connection with respondents' desired change of the place of delivery of this water and change of the lands on which he proposes to use the same or against which the costs and district charges would be assessed.

"That no arbitrary or capricious conduct on the part of appellant's district directors has been shown by the evidence in connection with the administration of district business and in denying respondent the right to use water on lands to which it is not appurtenant by said contract, and that the district has not refused to deliver water for use on the respondents' lands to which it is now appurtenant, and which appellant district assesses under authority of the irrigation district laws."

In all material respects, the findings as to the other appellant were the same.

The initial step in this proceeding seems to have been taken under and by virtue of Rem. Rev. Stat., § 7391, which, so far as now material, reads:

"The right to the use of water which has been applied to a beneficial use in the state shall be and remain appurtenant to the land or place upon which the same is used: *Provided, however,* That said right may be transferred to another or to others and become appurtenant to any other land or place of use without loss of priority of right theretofore established if such change can be made without detriment or injury to existing rights. The point of diversion of water for beneficial use or the purpose of use may be changed, if such change can be made without detriment or injury to existing rights. Before any transfer of such right to use water or change of the point of diversion of water or change of purpose of use can be made, any person having an interest in the transfer or change, shall file a written application therefor with the state supervisor of hydraulics, and said application shall not be granted until notice of said application shall be published as provided in section 7381 of this act. If it shall appear that such transfer or such change may be made without injury or detriment to existing rights, the state supervisor of hydraulics shall issue to the applicant a certificate in duplicate granting the right for such transfer or for such change of point of diversion or of use."

The supervisor acted under this statute in issuing the permits which, on appeal from his action to the superior court, were cancelled.

The main question seems to be whether or not the statute authorizes the supervisor to interfere with the affairs and the self-government of a regularly established irrigation district; and involved in that question is, perhaps, also the preliminary question as

to the extent of the land owners' rights in appurtenant water.

The trial court's findings on this preliminary question are very limited, and go only to the extent of holding that the land owners had a contract with the district by the terms of which the water service is appurtenant to the land and may not be transferred to other lands. Had the court found that the land owner was also the owner of the appurtenant water in fee simple and that the district was only the carrier of the water, perhaps a different question would be presented.

With the ownership of the water limited as it is, the rights of the land owner or water consumer seem to be as stated by Kinney in his excellent work on Irrigation and Water Rights (2d Ed.), Vol. 3, § 1514, from which we quote:

"Where a water company enters into a contract to furnish water to a consumer, the extent of the rights of such consumer is limited by the terms of the contract. The consumer only acquires such rights as he bargained for and no more. A contract with a company to deliver to the consumer so much water as may be necessary to irrigate a certain specified tract of land, is construed to limit the right of the consumer to the amount of water necessary to irrigate such tract. Where the company agrees to furnish water sufficient to irrigate a certain number of acres, the consumer only acquires the right to have so much water furnished and for such lengths of time, as the land, in its existing condition requires. So, where a consumer admitted that he irrigated another tract of land from the surplus after watering the tract described, he admitted the violation of the contract, even though he was not using more water than the maximum amount provided for in the contract."

It would seem, from the facts as found and from the law as above quoted, that, if the land owner here

had title to the appurtenant water, that title must be a limited one, to be enjoyed only according to its limitations, and those limitations of course are to be determined by the terms of the contract.

Does the statute authorize the supervisor to step between the parties to such a contract and to determine the rights of either or both without the consent of both? We think not. An irrigation district, such as is the respondent, acting through its board of directors, is by Rem. Rev. Stat., § 7428, given wide powers.

"The board shall have the power, and it shall be its duty, to adopt a seal of the district, to manage and conduct the business and affairs of the district, to make and execute all necessary contracts, to employ and appoint such agents, officers and employees as may be necessary and prescribe their duties, and to establish equitable by-laws, rules and regulations for the government and management of the district, and for the equitable distribution of water to the lands within the district, upon the basis of the beneficial use thereof, and generally to perform all such acts as shall be necessary to fully carry out the provisions of this chapter, including the acquisition, construction and operation and maintenance of drainage works and wasteways: . . ."

Having power to execute such contracts and to adopt equitable rules and by-laws, the district, of course, may provide by rule or by-law for carrying into execution the terms of the contracts with its water users; and if it does not act arbitrarily, capriciously or fraudulently, the water user will be bound by such rules. The construction of the rules and by-laws, as well as the interpretation of the contract, is a duty devolving upon the courts and not upon the supervisor.

The latter part of the judgment which we have quoted we now hold to be limited to the present issues, and nothing in the judgments here entered will preju-

dice the appellants in any action hereafter commenced by either of them against the district to obtain a construction of its rules of the contract, or for relief from the results of arbitrary action.

The judgment is affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.